# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRY J. BROWN SR.,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0268** (BOR Appeal No. 2049879)
                        (Claim No. 2013007588)

**BRODY MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry J. Brown Sr., by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed an October 1, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 23, 2013, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brown worked as a roof bolter for Brody Mining, LLC. On September 13, 2012, Mr. Brown suffered an injury to his mid and lower back while trying to push a bolt into the roof of a mine. Several days later, Mr. Brown had an x-ray of his mid back which revealed mild degenerative changes. An MRI was also taken of Mr. Brown's lumbar spine which showed degenerative changes and bulging at the L5-S1 disc as well as minimal bulging at the L4-5 and T11-12 discs. Mr. Brown then came under the care of Rajesh Patel, M.D., an orthopedic surgeon, who found that he was experiencing severe pain in his back. Dr. Patel noted that diagnostic

1

testing revealed mild disc degeneration and instability. Dr. Patel recommended that Mr. Brown be treated conservatively and receive physical therapy. After undergoing several months of physical therapy, Dr. Patel also recommended that Mr. Brown receive pain management treatment from Andrew Thymius, M.D. Mr. Brown received injections from Dr. Thymius. Following these injections, Dr. Patel found that surgery should not be considered for Mr. Brown's thoracic spine, but he believed that surgery could ultimately be considered for his lumbar spine.

Jerry Scott, M.D., evaluated Mr. Brown and found that he had reached his maximum degree of medical improvement. Although he found that Mr. Brown complained of pain in his thoracic and lumbar spine radiating into his left leg, Dr. Scott believed that he had plateaued. He found that any maintenance care Mr. Brown required for his pain was related to degenerative disc disease. Dr. Scott noted that there was evidence of an annular tear of the lumbar spine, but he determined that it was unclear if this condition was related to an acute injury or non-compensable degeneration. Following this evaluation, Dr. Patel continued to treat Mr. Brown. He admitted that Mr. Brown was not making a lot of progress. He noted that physical therapy was not consistently helping his condition. Dr. Patel found that surgical intervention could be a reasonable option if the source of Mr. Brown's pain was located. He recommended that Mr. Brown undergo a discogram to determine if he had suffered an annular tear. Dr. Patel believed that Mr. Brown's back pain was related to his compensable injury. On October 23, 2013, the claims administrator closed the claim for temporary total disability benefits. Following the decision, Dr. Patel testified by deposition. He admitted that Mr. Brown's condition had not improved as a result of the conservative treatment he had received. Although he believed Mr. Brown had an annular tear that was related to the compensable injury, he admitted that it could have been degenerative in nature. He stated that the discogram could help determine whether Mr. Brown's back pain was related to a traumatic or degenerative cause.

A month later, a discogram was performed on Mr. Brown's lumbar spine. It revealed that his L3-4 and L4-5 discs were relatively normal. However, the L5-S1 disc space could not be tested because of Mr. Brown's complaints of pain during the test. Robert Marsh, M.D., also treated Mr. Brown. He incorrectly stated that the discogram was positive for an annular tear at the L5-S1 disc. He found that Mr. Brown had lumbar radiculopathy, but he believed that it was related to a degenerative condition. He believed it would be appropriate to consider surgical intervention. Prasadarao B. Mukkamala, M.D., also evaluated Mr. Brown and determined that he had reached his maximum degree of medical improvement. Dr. Mukkamala also found that Mr. Brown was not a candidate for surgery. On October 1, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on February 25, 2015, leading Mr. Brown to appeal.

The Office of Judges concluded that Mr. Brown had reached his maximum degree of medical improvement and that the claims administrator properly closed his claim for temporary total disability benefits. The Office of Judges based this determination on the evaluation of Dr. Scott. The Office of Judges also considered the treatment notes of Dr. Patel, but it determined that he did not provide sufficient evidence that Mr. Brown continued to be temporarily and totally disabled. The Office of Judges found that Dr. Patel's diagnosis of an annular tear at the

L5-S1 disc was not confirmed by the discogram. It also considered the report of Dr. Marsh, but it found that he based his opinion on the incorrect belief that the discogram was conclusive for an annular tear. The Office of Judges noted that the discogram was not able to test the L5-S1 disc or confirm the presence of any annular tear. The Office of Judges also determined that Dr. Marsh did not conclusively relate Mr. Brown's need for surgery to the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Brown has not demonstrated that he is entitled to additional temporary total disability benefits. The evaluations of Dr. Scott and Dr. Mukkamala show that he has reached his maximum degree of medical improvement and his compensable conditions will not be improved by additional medical treatment. Even Dr. Patel's treatment notes reflect that Mr. Brown's response to treatment has plateaued. Although Dr. Patel has recommended that Mr. Brown undergo surgery to repair a possible annular tear in the L5-S1 disc, the evidence in the record, including a lumbar discogram, does not provide sufficient indication of the diagnosis to support the recommendation of surgery. The report of Dr. Marsh was also not sufficiently reliable to show that Mr. Brown continues to be temporarily and totally disabled because of the compensable injury. The Office of Judges was within is discretion in disregarding his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis
Justice Margaret L. Workman